SUPERIOR MOTOR PARTS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10348.   Promulgated September 29, 1927.

At December 31, 1921, the petitioner had on hand certain obsolete parts, and reduced its inventory by the cost thereof. *Held,* the reduction was proper.

*Walter W. McVay, Esq.,* for the petitioner.
*Joseph K. Moyer, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits tax for the years 1920 and 1921, in the amounts of $142.28 and $1,536.93, respectively.

The errors alleged are:

1. That the Commissioner erroneously disallowed certain deductions for depreciation of property;

2. Increased the inventory at the close of 1921 by the cost of certain obsolete merchandise; and

3. Reduced invested capital for 1921 by a dividend paid in June, 1921, and in the computation of the earnings available for the payment of the dividend deducted an amount for a tentative tax payable for the year 1921.

FINDINGS OF FACT.

The petitioner was incorporated under the laws of the State of Pennsylvania on December 8, 1919, and is a distributor in the western part of Pennsylvania of certain automobile parts.

At the time of its organization petitioner acquired considerable amounts of merchandise to be used in the repair of Saxon motor cars. These parts proved to be unsalable.   In 1921 it endeavored to sell to the Continental Motor Co., and to other persons the merchandise which it had on hand, but they refused to purchase it at greatly reduced prices.   The Saxon Motor Co. was taken over by another concern and few, if any, Saxon cars were manufactured after 1921. Upon its determination that the merchandise was worthless, it charged the cost thereof, $4,152.18, off its books of account at December 31, 1921, as obsolete merchandise.   The Commissioner added back to the petitioner's net income for 1921, $2,719.80 in respect of the obsolete merchandise charged off.

The petitioner paid a dividend on June 1, 1921.   The Commissioner determined that the dividend paid was in excess of the earnings available for the dividend and accordingly reduced the petitioner's invested capital for 1921 in the amount of $5,190.01.   In the determination of the earnings available for the payment of the dividend, the Commissioner deducted $2,557.46, representing his estimate of the taxes due for the calendar year 1921, which had accrued up to the date of payment.

SMITH: 1. The petitioner has not introduced any evidence from which it can be determined that there was any error on the part of the respondent in his computation of deductible depreciation.

2. In its petition the taxpayer alleges error on the part of the respondent in increasing its net income for the year 1921 in the amount of $2,719.80, representing a part of a reduction in inventory at the close of the year by reason of unsalable merchandise. We are satisfied from the evidence that the merchandise was unsalable and that the respondent was in error in adding back to net income of 1921 the $2,719.80 in question.

3. The parties have stipulated that the respondent in determining the amount of earnings available for the payment of a dividend on June 1, 1921, deducted $2,557.46. This deduction was unwarranted. *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135.

Motion for judgment, made on behalf of the respondent, is denied.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON and LOVE.